UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-0439-CVE-PJC |
| ) | |
| NATHAN SERRANO, CHRIS SERRANO, ) | |
| and PEAK MANAGEMENT d/b/a Supercuts, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) and Defendants' Motion to Dismiss and Brief in Support (Dkt. # 4). Defendants ask the Court to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, because she merely lists a variety of statutes and legal theories in her complaint but she alleges no facts in support of her claims. Dkt. # 4, at 1-2. Plaintiff responds that she has served defendants with a summons and she demands a jury trial at the earliest possible date.[1] Dkt. # 9. The Court will initially consider plaintiff's request to proceed in forma pauperis. In reliance upon the representations and information set forth in the motion for leave to proceed in forma pauperis and supporting affidavit (Dkt. # 2), the Court finds that plaintiff's motion to proceed in forma pauperis should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs.

---

[1] Defendants have not filed a reply in support of their motion to dismiss, but the Court has reviewed defendants' motion to dismiss and plaintiff's response and finds that a reply is unnecessary.

On August 3, 2012, plaintiff filed a complaint alleging that defendants "committed various acts of fraud, deceit, breach of contract, falsification of official documents, defamation of character, other libelous statements that reduce her standing within the community and her profession, wrongful termination, the violation of certain state and federal laws related to labor practices, and other tortuous [sic] acts . . . ." Dkt. # 1, at 1. However, the complaint contains no factual allegations describing plaintiff's claims. Plaintiff states that she resides in Oklahoma and that defendant Peak Management is headquartered in Arizona, but she makes no allegations concerning the citizenship of defendants Nathan and Chris Serrano. Id. The complaint cites 28 U.S.C. §§ 1331, 1332, 1343, and 1391 and 42 U.S.C. § 1983, but she does not explain why she has referenced these statutes. Plaintiff requests $3,000 in actual damages, $100,000 in personal damages, and punitive damages. Id. at 2.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if

doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Plaintiff is proceeding pro se and her pleadings should be construed liberally. Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). "[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010). When determining whether to dismiss a pro se complaint, the Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002); see also Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991) ("We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").

In this case, plaintiff has made no factual allegations and her complaint is nothing more than a list of statutes and theories of liability and, in response to defendants' motion to dismiss, she simply demands a jury trial without even attempting to respond to defendants' arguments. See Dkt.

# 9. Even under a liberal standard of review, it is clear that plaintiff has not stated a claim upon which relief can be granted. Due to the lack of factual allegations, it is also unclear if the Court has jurisdiction over this case. Plaintiff cites § 1331 in her complaint, but she has not alleged a federal claim or identified a substantial federal question that would allow the Court to exercise jurisdiction under § 1331. Plaintiff also cites § 1332 in the complaint, but she does not allege the citizenship of all parties and it is unclear if the parties are completely diverse. Considering that plaintiff is proceeding pro se, the Court finds that plaintiff should be given an opportunity to file an amended complaint identifying the factual basis for her claims. Plaintiff must also identify the basis for the Court's jurisdiction over her claims. Plaintiff is advised that failure to file an amended complaint will result in the dismissal of this case.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Brief in Support (Dkt. # 4) is **granted**. Plaintiff may file an amended complaint no later than **September 27, 2012**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) is **granted**.

**DATED** this 13th day of September, 2012.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE