UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-0439-CVE-PJC |
| ) | |
| NATHAN SERRANO, CHRIS SERRANO, ) | |
| and PEAK MANAGEMENT d/b/a Supercuts, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 15). Defendants argue that the Court lacks jurisdiction over plaintiff's claims and that plaintiff has failed to state a claim upon which relief can be granted. Dkt. # 15. Plaintiff, proceeding pro se, responds that defendants have committed "various acts of fraud, deceit, breach of contract, falsification of official documents, defamation of character, . . . and other tortuous [sic] acts" against her and that the Court has civil and criminal jurisdiction over this case. Dkt. # 17, at 1.

### I.

On August 3, 2012, plaintiff filed this case against defendants Nathan Serrano, Chris Serrano, and Peak Management d/b/a Supercuts. Dkt. # 1. Plaintiff was not represented by an attorney. Plaintiff sought $3,000 in "actual damages," $100,000 in "personal damages," and an unspecified amount of punitive damages. The complaint contained no factual allegations, but plaintiff cited 28 U.S.C. §§ 1331, 1332, 1343, and 1391 and 42 U.S.C. § 1983. Defendants filed a motion to dismiss (Dkt. # 4) plaintiff's claims under Fed. R. Civ. P. 12(b)(6) and the Court granted

defendants' motion. Dkt. # 13. However, the Court granted plaintiff leave to file an amended complaint more clearly stating her claims. Plaintiff filed an amended complaint stating that defendants committed certain "criminal and/or tortuous [sic] acts," and she cites § 1332 as the basis for federal jurisdiction over her claims. Dkt. # 14, at 1. She alleges that defendants wrongfully withheld $300 from her paycheck on January 1, 2012 based on a false accusation of theft. Id. at 2. Plaintiff claims that, on July 30, 2012, defendants wrongfully terminated her employment after she refused to participate in blackmail scheme, and that defendant Nathan Serrano "committed libel, slander, blackmail and extortion against the Plaintiff with his failed attempt to defraud her of approximately three thousand dollars." Id. at 1. She also claims that defendants "attempted" to submit a false report to the Claremore Police Department. Id. On August 20, 2012, defendants allegedly submitted a false report to the Oklahoma Employment Security Commission (OESC), but plaintiff does not identify the allegedly false statements made by defendants. Id. at 2. Plaintiff requests the same damages as in the original complaint.

  Defendants filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff did not file a response and the Court ordered her to show cause why the case should not be dismissed for her failure to respond to defendants' motion. Dkt. # 16. Plaintiff filed a response (Dkt. # 17) asserting that the Court could exercise diversity jurisdiction over this case. She also argues that the Court should exercise criminal jurisdiction, because defendants have allegedly committed wire fraud in violation of 18 U.S.C. § 1343.

## II.

Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Here, defendants have facially attacked the sufficiency of the complaint's allegations as to the existence of subject matter jurisdiction over plaintiff's claims. In analyzing such motions to dismiss, the Court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). This is the same standard of review applied to motions arising under Fed. R. Civ. P. 12(b)(6). See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the

3

factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado, 493 F.3d at 1215; Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendants argue that the Court lacks subject matter jurisdiction over plaintiff's claims, because she has not alleged facts establishing the requisite amount in controversy for diversity jurisdiction. Dkt. # 15, at 2-5. They also argue that plaintiff has failed to state a claim upon which relief can be granted. Id. at 6-8. Plaintiff's response recites the factual and jurisdictional allegations of her amended complaint and, in addition, she argues that the Court should exercise criminal jurisdiction over her claims. Dkt. # 17.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). "When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiff must show that it does not appear to a legal certainty that they cannot recover" the jurisdictional amount in order to defeat a motion to dismiss. Woodmen of World Life Ins. Soc. v. Manganaro, 342 F.3d 1213, 1217 (10th Cir. 2003) (quoting Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir. 1994)). However, the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v Red Cab Co., 303 U.S. 283, 289 (1938). There is a "strong presumption favoring the amount alleged by the plaintiff" and "it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied." Woodmen, 342 F.3d at 1216-17.

The Court has reviewed the amended complaint and finds that defendants' request to dismiss the case for lack of subject matter jurisdiction should be denied. Plaintiff alleges that she suffered $3,000 in actual damages and she seeks $100,000 in "personal damages." Although it is unclear what "personal damages" may include, the Court takes into account that plaintiff is proceeding pro se and will consider the $100,000 as part of the amount in controversy. Plaintiff also states that she is seeking punitive damages in an unspecified amount. Thus, some amount of punitive damages should be considered as part of the amount in controversy. Defendants argue that plaintiff's allegations are nothing more than an unsupported demand for damages, and the Court should

disregard her demand for "personal damages" or punitive damages when determining the amount in controversy. Dkt. # 15, at 2-4; Dkt. # 18, at 3-6. However, plaintiff has demanded damages in excess of $75,000 and the Court may not disregard this demand if the Court would effectively be denying plaintiff's claims on the merits. See Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982) (questionable claims should not be dismissed for lack of jurisdiction even if there is "grave doubt about the likelihood of a recovery of the requisite amount"). Defendants' arguments are more appropriately considered in the context of a Rule 12(b)(6) motion.

Plaintiff's amended complaint contains five numbered paragraphs under the heading of "Information," and these appear to be the factual allegations supporting her claims. Dkt. # 14, at 2. Plaintiff claims that defendants wrongfully withheld $300 from her paycheck on January 1, 2012. On July 30, 2012, defendants allegedly "committed libel, slander, blackmail and extortion" against plaintiff and terminated her employment due to plaintiff's refusal to participate in a blackmail scheme. Id. at 1. Plaintiff also alleges that defendants made false statements to the OESC in connection with a claim for unemployment benefits filed by plaintiff. To the extent that plaintiff alleges that defendants have committed fraud, libel, or slander, she must comply with the general pleading requirements of Fed. R. Civ. P. 8 and the special pleading requirement of Fed. R. Civ. P. 9(b) to state such claims. Construing plaintiff's allegations broadly, she could also be alleging a breach of contract or wrongful termination claim, and these claims would not be subject to the pleading requirements of Rule 9(b).

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." This is a heightened pleading requirement and, "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." United States

ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 726-27 (10th Cir. 2006) (quoting Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997)). The Tenth Circuit also "requires a complaint alleging fraud to 'set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof.'" Koch v. Koch Indus., Inc., 203 F.3d 1202 (10th Cir. 2000) (quoting Lawrence Nat'l Bank v. Edmonds, 924 F.2d 176, 180 (10th Cir. 1991)). General allegations that defendants have made false or fraudulent statements will not be sufficient to state a claim under the particularity requirement of Rule 9(b). Heavy Petroleum Partners, LLC v. Atkins, 457 Fed. App'x 735 (10th Cir. Jan. 17, 2012).[1]

Plaintiff has not adequately alleged a fraud or defamation claim against defendants. The amended complaint states when certain actions allegedly occurred, but it does not contain any allegations describing any specific statements made by any defendant. Plaintiff may not satisfy the particularity requirement of Rule 9(b) by generally alleging that "defendants" made certain unidentified false statements, and she has not stated a fraud or defamation claim against defendants. To the extent that plaintiff is alleging that defendants made false statements to the OESC, that is an administrative matter and the Court has found no authority suggesting that an aggrieved claimant who was denied unemployment benefits has a civil claim against her former employer. Instead, plaintiff's remedy is to seek redetermination of her claim for unemployment benefits by the OESC if she believes that she was denied benefits based on a "false statement or representation or failure to disclose a material fact." OKLA. STAT. tit. 40, § 2-506. Plaintiff could be attempting to assert

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

y

a breach of contract or wrongful termination claim, because she does allege that defendants terminated her employment.  However, the mere fact that plaintiff's employment was terminated would not be sufficient to state a claim against defendants, and the Court will not attempt to construct a legal theory for plaintiff.[2]

Plaintiff also cites 18 U.S.C. § 1343 and appears to be arguing that she is entitled to recover against defendants for a violation of this federal criminal statute.  Dkt. # 17, at 1.  Section 1343 makes it a criminal offense to commit wire fraud, but federal criminal statutes do not create a private right of action.  See Sefa v. Kentucky, ___ F.3d ___, 2013 WL 69337 (6th Cir. Jan 7, 2013); Campbell v. Bank of New York Mellon Trust Co., N.A., 2012 WL 2952852, *1 n.11 (S.D.N.Y. May 8, 2012); Anderson v. Wiggins, 460 F. Supp. 2d 1, 7-8 (D.D.C. 2006).  Thus, plaintiff cannot pursue relief against defendants under § 1343.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 15) is **granted**, and plaintiff's claims are **dismissed without prejudice**.  A separate judgment of dismissal is entered herewith.

**DATED** this 17th day of January, 2013.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2]  Oklahoma follows the general rule that at-will employment may be terminated by the employer for any reason.  Burk v. K-Mart Corp., 770 P.2d 24, 26 (Okla. 1989).  Although plaintiff alleges that she refused to participate in a "blackmail scheme," her allegations cannot reasonably be construed as a whistleblower claim, because there are no allegations that she made attempted or threatened to report illegal conduct or that the blackmail scheme was a matter of concern to the general public.  Darrow v. Integris Health, Inc., 176 P.3d 1204 (Okla. 2008).